**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MZL CAPITAL HOLDINGS, INC, : | |
| On behalf of themselves and : | |
| all others similarly situated,: | Case No. |
| : | Civil Action |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | **CLASS ACTION COMPLAINT** |
| TD BANK, N.A. and UNIDENTIFIED: | **AND JURY DEMAND** |
| ENTITIES (A-Z), : | |
| : | |
| Defendants. : | |
| : | |

Plaintiff MZL Holdings, Inc. ("MZL"), on behalf of itself of all others similarly situated (collectively "Plaintiffs"), by and through its undersigned counsel, Nagel Rice, LLP, hereby bring this action against Defendants TD Bank, N.A. and Unidentified Entities A – Z (collectively the "TD Network"), In support thereof, the Plaintiff alleges as follows:

## IDENTIFICATION OF PARTIES (LOCAL RULE 10.1)

1. The names and addresses of the named parties to this action are as follows:  (i) Plaintiff, MZL Capital Holdings, Inc., 575 Madison Ave., 10th floor, New York, NY 10022; and (ii) TD Bank, N.A., 1701 Route 70 East, Cherry Hill, NY 08034.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff MZL is and was, at all times relevant hereto, a company duly organized and existing under the laws of the State of New York, with its principal place of business in

New York, New York.

3.     Upon information and belief, Defendant TD Bank in a corporation existing under the laws of the State of New Jersey with its principal place of business at 1701 Route 70 East, Cherry Hill, New Jersey 08034.

4.     The true names and capacities of the Defendants named as Unidentified Entities A through Z, inclusive, are unknown to Plaintiff and the Putative class who, therefore, sue those Defendants by such fictitious names. Plaintiff and the Putative class are informed and believe and thereon allege that each of the Defendants sued herein as Unidentified Entities A through Z are and were affiliates, subsidiaries, or other related entities of each and every other Defendants and were at all relevant times acting within the course and scope of such agency and affiliation, and/or are legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff and the Putative class as alleged herein.  Plaintiff will seek to amend this Complaint to allege the true names and capacities of such Defendants when ascertained.

5.     This Court has original jurisdiction over this matter, under 28 U.S.C.§ 1332(d)(2), as the matter in controversy exceeds five million dollars ($5,000,000.00) exclusive of costs and interest, and is a class action where at least one member of

the class of Plaintiffs is a citizen of a State different from any one Defendant.

6.   This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action, in part, arises under the Constitution or laws of the United States.

7.   This Court has personal jurisdiction over the Defendant named herein because Defendant has an office in New Jersey and conducts substantial business in New Jersey.

8.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that: (i) this is the District in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred; and (ii) upon information and belief, Defendant TD Bank has its headquarters in the State of New Jersey.

### FACTS COMMON TO ALL COUNTS

9.   TD Bank, which self-describes as "America's Most Convenient Bank," promotes its business banking as "simple," where it " do[es] the work for you, offering services that support your day to day needs" to help one "achieve your business financial goals." It further claims it provides "[b]usiness service you need and the partnership you value."

10.  TD Bank knows that many of its commercial business customers engage in international business, including the sending and receipt of wired money to and from other countries.

11.  While TD Bank does disclose to its customers online various rates and fees in connection with its commercial checking accounts, nowhere does it disclose that it will charge its customers a fee for the conversion of foreign currency.

12.  It is important for consumers to know of the existence and amount of TD Bank's foreign currency transaction fee.  The fee directly affects the cost of utilizing international wire transfers through the Bank.  Indeed, the fee charged by the Bank could be the most significant fee charged against a commercial consumer who utilizes wire transfers as a regular part of their business transactions.

13.  TD Bank misleads its customers by failing to disclose the foreign currency transaction fee.  The foreign transaction fee is designed and implemented so that it will be paid by, but concealed from the Bank customer.  By embedding the fee in the transaction amount, it is not separately billed on the monthly statement.  Concealing the foreign currency transaction fee causes or is likely to cause injury to consumers and to competition.  Consumers cannot make informed decisions without adequate information about the fee, and TD Bank's business practice of concealing the fees deprives them of price

4

information, to their injury and to the injury of the competitive process.

14.   There is no social or other benefit to obscuring foreign currency transaction fees by embedding them, unnoticed, in the billing transaction amount and certainly no benefit which would outweigh the injury to consumers and the competitive process.

## FACTS RELATED TO MZL CAPITAL

15.   MZL Capital has a commercial checking account with TD Bank.

16.   On or about January 29, 2014, MZL received a wire transfer from London, England in the amount of £70,000.00.  MZL received notice of the transfer from TD Bank noting that the amount credited was $93,285.00. The notice referenced what appeared to be an exchange rate of 1.3355.  However, the exchange rate appearing in the Wall Street Journal for January 30, 2014 was 1.3664.

17.   On or about February 10, 2014, Alex Dorian ("Dorian"), called TD Bank and made inquiries about what appeared to be an incorrect exchange rate.  On February 11, 2014, a representative from TD Bank indicated that it would make an adjustment to the account.

18.   On February 15, 2014, Plaintiff's statement reflected a $250.00 credit.

5

19.  On or about February 13, 2014, Dorian received a letter from TD Bank indicating that TD Bank operated not as an agent in the conversion of money but rather as a principal in buying and selling foreign currency and that it set its rates based upon numerous criteria that did not represent the actual cost of converting the currency given the risk that is assumed in the timing of the trade. In short, TD Bank admitted to charging a fee in the transaction, but the actual amount of the fee still remained undisclosed.

20.  Based upon the rate quoted in the Wall Street Journal vs. the amount actually charged for the conversion, TD Bank received an excess in the transaction.

21.  Thus, even the credit proposed by TD Bank was in excess of the exchange rate, and Plaintiff has not received the full amount that it would be owed absent the undisclosed fee.

22.  All conditions precedent to the commencement of this action have occurred, or have been performed, excused, satisfied or waived.

23.  As a result of Defendants' wrongful conduct, described herein, and Plaintiff's need to protect and enforce their legal rights, Plaintiff has retained the undersigned attorneys and is obligated to pay said firm reasonable attorneys' fees. Pursuant to applicable law, Plaintiff seeks to recover its reasonable attorneys' fees and costs from Defendant.

6

## CLASS ACTION ALLEGATIONS

24.   This action is brought as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of the Plaintiff named above and all others similarly situated.   The class is defined as:

> All United States Citizens (including persons and business entities) that were charged a currency transaction fee during a wire transfer without their consent during the longest period of time permitted by the applicable statutes of limitations.
>
> Excluded from the proposed Class are:
>
> a. Defendant;
>
> b. Any entities in which Defendant have or had a controlling interest;
>
> c. Any officers, directors, or employees of Defendant;
>
> d. The legal representatives, heirs, successors, and assigns of Defendant;
>
> e. Any Judge assigned to this action and his or her immediate family; and
>
> f. Anyone who timely requests exclusion from the Class.

25.   **Numerosity**:   Members of the Class are so numerous that their individual joinder is impractical.   The precise identities, number, and addresses of members of the Class are unknown to the Plaintiff, but may and should be known with proper and full discovery of Defendants, third-parties, and their respective records.

26. **Commonality and Predominance**: Common questions of law and fact exist as to Members of the Class and predominate over questions affecting only individual Class Members. These common questions include:

a. Whether and to what extent Defendant's unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce, as complained of herein, violate New Jersey law;

b. Whether Plaintiff and the putative class are entitled to recover compensatory, exemplary, statutory, minimum, treble and/or punitive damages, based on Defendant's conduct or practices alleged herein;

c. Whether Plaintiff and the putative class are entitled to injunctive relief enjoining Defendant from further engaging in the deceptive practices alleged herein;

d. Whether Plaintiff and the putative class are entitled to recover attorneys' fees and costs under New Jersey and the laws of other states law;

e. Whether Plaintiff and the putative class are entitled to recover declaratory relief;

f. Whether Defendant engaged in any misconduct in violation of Regulation E, 12 C.F.R. § 205.10(b) and the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq.

27. **Typicality**: Plaintiff is a member of the putative class. The Plaintiff's claims and the claims of the putative class have a common origin and share common bases. Their claims

originate from the same deceptive and fraudulent practices of the Defendant, and the Defendant act and have acted in the same way toward the Plaintiff and the Class members. If brought and prosecuted individually, the claims of each putative class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

28. **Adequacy**: Plaintiff is an adequate representative of the putative class because its interests do not conflict with the interests of the members of the putative class it seeks to represent. Plaintiff has retained competent counsel, and intends to prosecute this action vigorously. Plaintiff's counsel will fairly and adequately protect the interests of the members of the putative class.

29. **Superiority**. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all Members is impracticable. Furthermore, as the damages suffered by individual Class Members might be relatively small, the expense and burden of individual litigation makes it impossible for Members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a Class action.

30. This lawsuit may be maintained as a class action

pursuant Federal Rule of Civil Procedure 23(b)(1)(a) because the prosecution of separate actions by the individual class members would create a risk of inconsistent or varying adjudication with respect to individual Class Members that would establish incompatible standards of conduct for Defendants and all of the above factors of numerosity, common questions of fact and law, typicality, and adequacy are present.

31. This lawsuit may be maintained as a class action pursuant Federal Rule of Civil Procedure 23(b)(1)(a) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not party to the individual adjudications, or they would substantially impair or impede their ability to protect their interests.

32. This lawsuit may be maintained as a class action pursuant Federal Rule of Civil Procedure 23(b)(2) because Plaintiff and the putative class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality, and adequacy are present. Moreover, Defendant has acted on grounds generally applicable to Plaintiff and the putative class as a whole, thereby making declaratory and/or injunctive relief proper and suitable remedies.

10

33.    This lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices.  Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes.  Even if individual class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendant.

## LEGAL CAUSES OF ACTION

### COUNT I

### DECEPTIVE ACTS OR PRACTICES, NEW JERSEY CONSUMER FRAUD ACT, N.J.S.A. 56:8-1
**(Monetary Damages and Injunctive Relief)**

34.    Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

35.  By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by concealing the foreign currency transaction fees.

36.  The foregoing acts and practices were directed at consumers.

37.  The foregoing deceptive acts and practices are misleading in a material way because they fundamentally conceal the true amount of the business transaction in order to get consumers to purchase the services of the Bank.

38.  Had MZL Capital and other members of the Class known about the fees, they would have not deposited their monies with the Defendant TD Bank.

39.  Plaintiff and Class Members suffered ascertainable losses of the unauthorized fees charged and accordingly were harmed.

40.  On behalf of itself and other members MZL Capital seeks to enjoin the unlawful acts and practice described herein, to recover its actual damages, three times actual damages and reasonable attorneys' fees.

<u>**COUNT II**</u>

<u>**UNJUST  ENRICHMENT**</u>

41.  Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

42.   To the detriment of Plaintiff and the putative class, Defendant has been, and continues to be, unjustly enriched as a result of each Defendant's wrongful conduct alleged herein.

43.   In paying a fee for the foreign currency transaction, Plaintiff and the putative class conferred a benefit on Defendant.

44.   Defendant unlawfully accepted and unjustly retained said benefits.

45.   Plaintiff and the putative class, therefore, seek disgorgement of all wrongfully obtained profits received by Defendants as a result of their inequitable conduct.

**COUNT III**

**VIOLATION OF REGULATION E, 12 C.F.R. § 205.10(B) AND THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. 1693 ET SEQ**.

46.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

47.   Regulation E, 12 C.F.R. §205.10(b)  ("Regulation E") and the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. (the "EFTA") govern consumer electronic fund transfers such as Defendant's unauthorized withdrawals from the Commercial Checking Account owned by Plaintiffs and the putative class, as complained of herein.

48.   Regulation E implements the EFTA.

49.  Section 907(a) of EFTA provides that "a preauthorized transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

50.  Section 205.10(b) of Regulation E provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy of the consumer."

51.  Defendant made unauthorized withdrawals from their Commercial Account on a recurring basis without obtaining a writing signed or similarly authenticated authorization for preauthorized electronic fund transfers from the Commercial Account.

52.  Such malfeasance gives rise to violations of Section 907(a) of the EFTA, and Section 205.10(b) of Regulation E.

53.  Plaintiff and the putative class were affected and damaged by Defendant's noncompliance with the EFTA and Regulation E.

54.  Defendant's noncompliance with the EFTA and Regulation E was frequent, persistent, and intentional and in complete disregard for the rights of Plaintiff and the putative class.

55.  Pursuant to §1693m of the EFTA, any person who fails to comply with any provision of  the EFTA, with respect to any

consumer, is liable to such consumer unless a prescribed exception applies.

56.   No such exceptions apply in this case.

57.   Because Defendants have failed to comply with material provisions of the EFTA and Regulation E, Defendant is liable to Plaintiff and the putative class for actual damages, costs, and reasonable attorney's fees as determined by the court.

## COUNT IV

### BREACH OF CONTRACT

58.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

59.   Plaintiff and Class Members entered into contracts with the Defendant. Pursuant to these contracts, Defendants had a duty to adequately disclose their foreign currency conversion methodology, including the imposition of the foreign currency transaction fee. Defendants also had a duty of good faith and fair dealing in their performance of their contractual obligations. Defendant beached their duties by failing to disclose the fee and rate-setting methodology. As a result the Plaintiff and Class Members have suffered damages.

**COUNT V**

**VIOLATIONS OF VARIOUS OTHER STATES' CONSUMER PROTECTION LAWS**

60.  Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as through fully set forth herein.

61.  Defendant had a statutory duty to refrain from unfair and deceptive trade acts or practices in its provision of services to Plaintiff.

62.  The actions and failures to act of Defendant constitutes acts, uses or employment by defendants of unconscionable and/or unfair practices, deception, fraud, false pretenses, false promises, misrepresentations, or the concealment, suppression, or omission of material fact in connection with its foreign currency services to the Plaintiff, the Putative Class and Subclass within the meaning of various state consumer protection acts.

63.  Defendant had a statutory duty to refrain from unfair and/or deceptive trade acts or practices in how the fees for foreign currency services were assessed to Plaintiff and Putative Class.

64.  The violations of the various state consumer protection acts - Alabama: the Alabama Deceptive Trade Practices Act (Ala. Code §8-19-1 et seq.); Alaska: Alaska Unfair Trade

16

Practices and Consumer Protection Act (Alaska Stat. §45.50.471 et. seq.); Arizona: the Arizona Consumer Fraud Statute (Ariz. Rev. Stat. Ann. §44-1521 eq. seq.); Arkansas: the Arkansas Deceptive Trade Practices Act. (Ark. Code Ann. §4-88-101 et. seq.); California: (Cal. Civ. Code §1750, seq.; Cal. Bus. & Prof. Code. §17200 et seq.); Colorado: the Colorado Consumer Protection Act. (Colo. Rec. Stat. §6-1-101 et seq.); Connecticut: the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §42-110a et seq.); Washington, D.C.: the Consumer Protection Procedures Act. (D.C. Code Ann. §28-3901 et seq.); Florida: the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. Ann. §501.201 et. seq. (West)) and the Florida False Advertising Statutes (Fla. Stat. Ann. §817.40 et seq. (West)); Georgia: Uniform Deceptive Trade Practices Act (Ga. Code Ann. §10-1-370 et seq.); the Fair Business Practices Act (Ga. Code Ann. §10-1-1420 et seq.); Hawaii: The Hawaii Federal Trade Commission Act (Hawaii Rev. Stat. §481A et seq.) and Uniform Deceptive Trade Practices Act (Hawaii Rev. Stat. §481A et. seq.); Idaho: the Idaho Consumer Protection Act (Idaho Code §48-601 et seq); Illinois: the Uniform Deceptive Trade Practices Act (815 ILCS §§510/1 et seq.) and Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILC §505 et seq.); Indiana: the Deceptive Consumer Sales Act (Ind. Code Ann. §24-5-0.5-1 et seq. (Burns)); Iowa: the Iowa Consumer Fraud Act (Iowa

17

Code Ann. §714.16 (West)); Kansas: the Kansas Consumer Protection Act (Kan. Stat. Ann. §50-623 et seq.); Kentucky: the Consumer Protection Act (Ky. Rev. Stat. §367.110 et seq.); Louisiana: the Unfair Trade Practices and Consumer Protection Law (La. Rev. Stat. Ann. §51:1401 (West)); Maine: the Maine Unfair Trade Practices Act (Me. Rev. Stat. Tit. 5 §206 et seq.) and the Uniform Deceptive Trade Practices Act (Md. Com. Law Ann. §§13-101 et seq., 14-101 et seq.); Massachusetts: the Consumer Protection Act (Mass. Gen. Laws Ann. Ch. 93A); Michigan: the Michigan Consumer Protection Act (Mich. Comp. Laws Ann. §445.901 et seq.) and the Michigan Pricing and Advertising Act (Mich. Comp. Laws. Ann. §445.351 et seq.); Minnesota: the Consumer Fraud Act. (Minn. Stat. Ann. §325 F. 69); the False Statement in Advertisement Statute (Minn. Stat. Ann. §325 F. 67); the Uniform Deceptive Trade Practices Act (Minn. Stat. Ann. §325D.44); and the Unlawful Trade Practices Act (Minn. Stat. Ann. §325D.13); Mississippi: the Consumer Protection Act (Miss. Code Ann. §75-24-1 et seq) and the False Advertising Statutes (Miss. Code Ann. §97-23-3); Missouri: the Missouri Merchandising Practices Act (Mo. Rev. Stat. §407.010 et seq.); Montana: the Montana Unfair Trade Practices and Consumer Protection Act (Mont. Code Ann. §30-14-01 et seq.) and the Statutory Deceit Statute (Mont. Code Ann. §27-1-712); Nebraska: the Nebraska Consumer Protection Act (Neb. Rev. Stat. §59-1601 et seq.) and the Nebraska Uniform

18

Deceptive Trade Practices Act. (Neb. Rev. Stat. §87-301 et seq.); Nevada: the Deceptive Trade Statues (Nev. Rev. Stat. §§598.0903 et seq., 41.600 et seq.) New Hampshire: the Regulation of Business Practices for Consumer Protection (N.H. Rev. Stat. Ann. §358-A:1 et seq.) New Mexico: New Mexico Unfair Practices Act (N.M. Stat. Ann. §57-12-1 et seq.); New York: New York Consumer Protection Act (N.U. Gen. Bus. Law. §§349, 350 (Consol.)); North Carolina: North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. §75-1.1 et seq.); North Dakota: Deceptive Act or Practices Statutes (N.D. Gen. Stat. §51-15-01 et seq.); Ohio: Ohio Consumer Sales Practices Act (Ohio Rev. Code Ann. §1345.01 et seq. (Baldwin)); Oklahoma: Oklahoma Consumer Protection Act (Okla. Stat. Ann. Tit. 15, §751 et seq. (West)) and the Oklahoma Deceptive Trade Practices Act (Okla. Stat. Ann. Tit. 78, §51 et seq. (West)); Oregon: the Unlawful Trade Practices Act (Or. Rev. Stat. §616.005 et seq.); Pennsylvania: Unfair Trade Practices Act and Consumer Law (Pa. Stat. Ann. Tit. 73 §201-1 et seq. (Purdon)); Rhode Island: Consumer Protection Act (R.I. Gen. Law §6-13.1-1 et seq.); South Carolina: South Carolina Unfair Trade Practices Act (S.C. Code Ann. §39-5-10 et seq.); South Dakota Deceptive Trade Practices and Consumer Protection Law (S.D. Codified Laws Ann. §37-24-1 et seq.); Tennessee: Tennessee Consumer Protection Act (Tenn. Code Ann. §47-18-101 et seq.); Texas: Texas Deceptive Trade Practices

Act (Tex. Bus. & Com. Code Ann. §17.41 et seq. (Vernon)); Utah: Utah Consumer Sales Practices act (Utah Code Ann. §13-11a-1 et seq.): Vermont: Vermont Consumer Fraud Statute (Vt. Stat. Ann. Tit. 9, §2451 et. seq.); Virginia: Virginia Consumer Protection Act (Va. Code 59.1-196 et seq.); Washington: Washington Consumer Protection Act (Wash. Rec. Code Ann. §19.86 et seq.) West Virginia: West Virginia Consumer Credit and Protection Act (W. Va. Code §46A-6-101 et seq.) Wisconsin: Wisconsin Fraudulent Representations Act (Wis. Stat. Ann. §100.18 et seq. (West)); Wyoming: Consumer Protection Act (Wyo. Stat. §40-12-101 et seq.); have directly, foreseeably and proximately caused damages to Plaintiff and the Putative Class in amounts yet to be determined.

65. Defendant's actions are outrageous due to their reckless indifference to the rights of Plaintiff and the Putative Class.

## RELIEF DEMANDED

66. WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated, seeks judgment against the defendants, as follows:

A. For an order certifying the nationwide Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclasses and Plaintiff's attorneys as Class Counsel to represent

the Class;

B. For an order declaring Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiffs, the nationwide Class for all counts asserted herein;

D. For an order enjoining defendant from failing adequately to disclose their foreign currency conversion practices and continuing to engage, use, or employ their practice of charging and collection a foreign currency transaction fee;

E. For an order enjoining Defendants from charging any type of foreign currency transaction fee without providing a clear, obvious, and comprehensive notice that such a fee will be charged, including notice of such a fee on any monthly statements which includes charges made in foreign countries;

F. For an order requiring Defendant to institute a corrective advertising campaign in order to remedy Defendant's wrongful conduct;

G. For an order imposing a constructive trust upon and/or restitution of the monies Defendant wrongfully acquired through their foreign currency conversion practices, including awarding the unconscionable foreign currency transaction fee to consumers who conducted wire transfers

21

in which they were charged a transaction fee;

H. For attorneys' fees as allowed by law;

I. For interest as prescribed by law;

J. For costs of suit; and

K. For such other and further relief as the Court deems just, equitable and proper.

**JURY DEMAND**

67. Plaintiff demands a trial by jury on all issues so triable.

**DESIGNATION OF TRIAL COUNSEL**

Bruce H. Nagel, Esq., is hereby designated as trial counsel for the within matter.

NAGEL RICE, LLP
Attorneys for Plaintiff

By: /s/*Bruce H. Nagel*
Bruce H. Nagel, Esq.
Greg M. Kohn, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400 (Phone)
(973) 618-9194 (Fax)

Dated: September 16, 2014